**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Ethan Tyler Nelson

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN TYLER NELSON, <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN TOWING, INC. and ALI M. GANJI, <br><br> Defendants. | Case No.: '22CV306  GPC BLM <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1) **THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. §§ 3901, ET SEQ.;** <br><br> 2) **CAL. MIL. AND VET. CODE §§ 400, ET SEQ.** <br><br> 3) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.;** <br><br> 4) **CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.;** <br><br> 5) **NEGLIGENCE; AND** <br><br> 6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about tow-truck owner who deliberately took a Marine's truck and then did away with it illegally, all the while knowing that its owner was a U.S. Servicemember on active duty and deployed overseas.

2. **ETHAN TYLER NELSON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **GUARDIAN TOWING, INC.** ("Defendant Guardian") **and ALI M. GANJI** ("Defendant Ganji") for violations of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 et seq. ("SCRA"), Cal. Mil. and Vet. Code §§ 400 et seq. ("MVC"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32, the Cal. Bus. and Prof. Code §§ 17200 et seq. ("UCL"), and the torts of Negligence, and Intentional Infliction of Emotional Distress.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United

States, 50 U.S.C. §§ 3901 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations of the SCRA, MVC, RFDCPA, UCL, and the torts of Negligence, and Intentional Infliction of Emotional Distress.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## SCRA

10. Congress enacted the SCRA in order to:
    a. provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
    b. provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. (50 U.S.C. § 3902)

11. The SCRA should be construed liberally. *See LeMaistre v. Leffers*, 333 U.S. 1,6 (1948) ("The Act should be read with an eye friendly to those who dropped their affairs to answer their country's call.").

12. When the Attorney General commences a civil action against a person who engages in a pattern or practice of violating the SCRA, it may recover all of the relief afforded to a Servicemember plus, in order to vindicate the public interest, a civil penalty of up to $55,000 for a first violation and up to $110,000 for every subsequent violation. (50 U.S.C. § 4041)

13. The SCRA grants any aggrieved person a private right of civil action and the right to obtain equitable relief, monetary damages, punitive damages, costs and attorneys fees, and "all other appropriate relief." (50 U.S.C. §§ 4042, 4043)

///

**PARTIES**

14. Plaintiff is natural person who resides in San Diego County, California.

15. Plaintiff is currently and at all times complained of, a "Servicemember" serving a "period of military service" as those terms are defined by 50 U.S.C. § 3911 and MVC § 400, a "Debtor" as that term is defined by Cal. Civ. Code § 1788.2(h), and a "Person" as that term is defined by UCL § 17204.

16. Defendant Guardian Towing, Inc. is a California corporation operating from an address of 7945 Arjons Dr., San Diego, CA 92126 and is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c), and is a "Person" as that term is defined by UCL § 17201.

17. Defendant Ali M. Ganji is a California resident living at 11044 Poinsett Rd, San Diego, CA 92131 and is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c), and is a "Person" as that term is defined by UCL § 17201.

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "Consumer Debt" and "Consumer Credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

///

///

# FACTUAL ALLEGATIONS

20. Plaintiff is individual residing in San Diego County, California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

22. Plaintiff is a military Servicemember on active duty.

23. Plaintiff enlisted in the United States Marine Corps on January 30, 2017 and has been on active military service ever since.

24. Plaintiff is a Corporal in the Marines Corps and is stationed at Marine Corps Air Station, Miramar ("MCAS Miramar") as an avionics technician.

25. From the time of his birth, Plaintiff's great-grandfather was Plaintiff's father-figure.

26. When Plaintiff was one year old, Plaintiff's great-grandfather bought a tan colored Toyota Tacoma truck.

27. Since as early as Plaintiff can remember, Plaintiff would visit his great-grandfather often and spend the summers with him and his great-grandmother.

28. When Plaintiff graduated from High School, his great-grandfather gave Plaintiff the tan-colored Toyota Tacoma truck as a present. Not long after, Plaintiff's great-grandfather died.

29. Thereafter, Plaintiff joined the Marine Corps and drove the tan-colored Toyota Tacoma to MCAS Miramar.

30. Upon arrival, Plaintiff completed all of the required procedures to register the truck aboard MCAS Miramar.

31. In about July of 2021, Plaintiff received orders to deploy to Okinawa, Japan.

32. Plaintiff parked the tan-colored Toyota Tacoma in the parking lot of the MCAS Miramar post-exchange, left the keys in the toolbox, and asked a friend to move it to the barracks parking lot where it would be safe.

33. Plaintiff's friend did not move the truck to the barracks parking lot.

34. When Plaintiff's friend returned from temporary duty at El Centro, California, the tan-colored Toyota Tacoma was gone.
35. On information and belief, Defendants seized Plaintiff's truck from the MCAS Miramar post-exchange.
36. On or about August 1, 2021, Plaintiff placed a call from Okinawa, Japan to the Military Police aboard MCAS Miramar. On this call, the Military Police told Plaintiff that his truck had been seized by Defendants.
37. Shortly thereafter, Plaintiff placed a call from Okinawa, Japan to Defendants and told them that he was an active-duty military servicemember currently deployed overseas. On this call, Plaintiff asked Defendants not to dispose of his truck and to give him time to get a Power of Attorney so that his friend at MCAS Miramar could come redeem the truck. Defendants acknowledged this information and agreed to wait.
38. Plaintiff executed a Power of Attorney in Okinawa, Japan and delivered it to his now-agent who went to Defendants' place of business on or about September 2, 2021.
39. On or about September 2, 2021, Defendants informed Plaintiff's agent that the tan-colored Toyota Tacoma had already been sold on or about August 16, 2021.
40. On or about September 5, 2021, Plaintiff's mother called Defendants and was told by them that Plaintiff's truck had been sold on September 2, 2021.
41. On or about November 24, 2021, Plaintiff again called Defendants upon his return to San Diego from Okinawa, Japan. On this call, Defendants admitted to Plaintiff that Defendants had neither applied for nor received a court order in connection with Plaintiff's truck. Defendants told Plaintiff that Defendants received permission from the California Department of Motor Vehicles to do whatever they intended to do with the truck and claimed that the truck had never been properly registered aboard MCAS Miramar.

///

42. Defendants never mailed Plaintiff any legally required notices prior to taking his truck and disposing of it.

43. Defendants never billed Plaintiff for any towing or storage charges.

44. Defendants never refunded Plaintiff any proceeds of the truck sale that exceeded any towing or storage charges.

45. In addition to being told by Plaintiff, and the location and contents of the truck, the free online query of the Department of Defense Manpower Data Center (available at: https://scra.dmdc.osd.mil/scra/#/home) informed Defendants that Plaintiff was an active duty military Servicemember.

46. Defendant's despicable and outrageous conduct was performed knowingly, deliberately and willfully, with reckless disregard of the probable consequences, were oppressive to Plaintiff, and were malicious in that Plaintiff's suffering as a result of Defendant's conduct was a virtual certainty.

## ACTUAL DAMAGES

47. Plaintiff has suffered actual damages as a result of these illegal tactics by these Defendants in the form of, severe emotional distress, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## PUNITIVE DAMAGES

48. Defendants' conduct was willful, repetitive, malicious, oppressive, fraudulent, and outrageous and akin to the common law torts of, inter alia, invasion of privacy, defamation, and conversion.

///

///

///

///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 3958 OF THE SCRA

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. A defendant violates § 3958 when it forecloses or enforces any lien on property during a plaintiff's military service and for 90 days thereafter without a court order.

51. Defendants violated § 3958 when they willfully enforced a lien on Plaintiff's property without a court order.

52. SCRA § 3958 provides that "A person who knowingly takes an action contrary to this section, or attempts to do so, shall be fined as provided in title 18, or imprisoned for not more than one year, or both."

### COUNT II

### VIOLATION OF § 409.1 OF THE MVC

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant violates § 409.1 when, among other things, it forecloses or enforces any lien on property during a plaintiff's military service and for 120 days thereafter without a court order.

55. Defendants violated § 409.1 when they willfully enforced a lien on Plaintiff's property without a court order.

56. MVC § 409.1 provides that "A person violating any provision of this section is guilty of a misdemeanor, and shall be punishable by imprisonment not to exceed one year or by a fine not to exceed one thousand dollars, or both."

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT III

### VIOLATION OF § 1788.17 OF THE RFDCPA

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

59. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, including but not limited to, taking property from Plaintiff that they were not legally entitled to, and making false statements in connect with collection of a debt, in violation of 15 U.S.C. § 1692e.

60. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f.

## COUNT IV

### VIOLATION OF CAL. BUS. AND PROF. CODE § 17200

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. A defendant violates the Cal. Bus. and Prof. Code § 17200 when it engages in any unlawful, unfair, or fraudulent business act or practice.

63. Defendants violated the Cal. Bus. and Prof. Code § 17200 by their unlawful business acts and practices that violated the SCRA, the MVC, the RFDCPA, and the common law torts of Negligence and Intentional Infliction of Emotional Distress.

64. Defendants violated the Cal. Bus. and Prof. Code § 17200 by unfairly and willfully took and disposed the tan-colored Toyota truck for which it had no substantiated claim and for which they knew (or acted in reckless disregard of the knowledge of) they were not entitled to.

///

65. Defendants violated the Cal. Bus. and Prof. Code § 17200 by fraudulently representing to Plaintiff that they would not dispose of his truck.

### COUNT V

### NEGLIGENCE

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

68. Defendants violated at least one of its duties of care to Plaintiffs when they, inter-alia, purposely disposed of Plaintiff's truck.

69. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

### COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. A defendant is liable for the tort of intentional infliction of emotional distress when, through its outrageous conduct committed with reckless disregard of the probability that the victim would suffer emotional distress, that conduct is a substantial factor in causing the victim's severe emotional distress.

72. Defendants knew when they disposed of Plaintiff's truck that they were ignoring and violating the MVC and the SCRA. Defendants knew when they promised not to dispose of Plaintiff's truck that they were lying.

73. Defendants knew when they concealed any records of the seizure of the truck and its disposal that they were attempting to cover-up their illegal behavior.

74. As a direct result of Defendants' outrageous conduct, Plaintiff suffered severe emotional distress in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against each Defendant and for Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against each Defendant and for Plaintiff, and,

c) Award for pre-judgment interest against each Defendant and for Plaintiff, and,

d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 3924 against each Defendant and for Plaintiff, and,

e) Award of actual damages pursuant to 50 U.S.C. § 4042 (SCRA) against each Defendant and for Plaintiff, and,

f) Award of actual damages pursuant to Cal. Mil. Vet. § 409.1 (MVC) against each Defendant and for Plaintiff, and,

g) Award of actual damages pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

h) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

i) Award of costs of litigation and reasonable attorney's fees pursuant to 50 U.S.C. § 4042 (SCRA), against each Defendant and for Plaintiff, and,

j) Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Mil. Vet. § 409.1 (MVC), against each Defendant and for Plaintiff, and,

///

k) Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

l) Award of punitive damages pursuant to 50 U.S.C. § 4043 (SCRA), against each Defendant and for Plaintiff, and,

m) Award of injunctive relief pursuant to the Cal. Bus. and Prof. Code § 17200, to wit, (a) that Defendants must make a court-supervised effort to retrieve the tan-colored Toyota Tundra truck, and,

n) Award of restitution as may be fair and equitable pursuant to the Cal. Bus. and Prof. Code § 17200 against each Defendant and for Plaintiff, and,

o) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

75. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: March 7, 2022

BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Ethan Tyler Nelson

# **ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**