1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7          SOUTHERN DISTRICT OF CALIFORNIA

8

9  ETHAN TYLER NELSON,                    Case No.:   22CV306-GPC (BLM)

10                          Plaintiff,    **ORDER DENYING DEFENDANTS'
                                          MOTION TO EXTEND SCHEDULING
11  v.                                    ORDER OR IN THE ALTERNATIVE
                                          EXCLUDE EVIDENCE**
12  GUARDIAN TOWING, INC., AND ALI M.
   GANJI,                                 **[ECF No. 22]**
13
                           Defendants.
14

15

16          Currently before the Court is Defendants' December 22, 2022 Motion to Extend

17  Scheduling Order or in the Alternative Exclude Evidence [see ECF No. 22-1 "Mot."], Plaintiff's

18  January 6, 2023 opposition [see ECF No. 23 ("Oppo.")], and Defendants' January 13, 2023 reply

19  [see ECF No. 24 ("Reply")].   For the reasons set forth below, Defendants' request to extend the

20  scheduling order is **DENIED**.

21                          **FACTUAL BACKGROUND**

22          Plaintiff initiated this matter on March 4, 2022 when he filed a complaint alleging

23  violations of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 et seq. ("SCRA"), Cal. Mil.

24  and Vet. Code §§ 400 et seq. ("MVC"), the Rosenthal Fair Debt Collection Practices Act

25  ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32, the Cal. Bus. and Prof. Code §§ 17200 et seq.

26  ("UCL"), and the torts of Negligence, and Intentional Infliction of Emotional Distress.  ECF No.

27  1.  Plaintiff alleges that he was an active duty marine deployed overseas when Defendants

28  illegally towed his properly registered truck from Marine Corps Air Station Miramar and later sold

1

the truck at a lien sale.  Id.  The truck held great sentimental value as it was a gift from Plaintiff's great-grandfather who passed away shortly after gifting Plaintiff the truck.  Id. at 5.  Plaintiff seeks actual damages for

> severe emotional distress, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions

and punitive damages.  Id. at 7.

## PROCEDURAL BACKGROUND

On May 13, 2022, in accordance with this Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference [see ECF No. 6], Plaintiff provided Defendants with his initial disclosures pursuant to Rule 26(a)(1)(A).[1]  Mot. at 7; see also ECF No. 22-2, Declaration of Mitchell B. Malachowski In Support of Motion of Defendants to Modify Scheduling Order Or In The Alternative Exclude Evidence ("Malachowski Decl.") at ¶ 4, Exh. B. In the initial disclosures, Plaintiff identified seven witnesses who could be contacted through Plaintiff's counsel and who had information regarding "the loss, stress, anxiety, embarrassment, humiliation and frustration this situation has caused Plaintiff."  Malachowski Decl. at Exh. B. Plaintiff also stated that he was claiming the following damages:

> a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against each Defendant and for Plaintiff, and,
> b) Award for interest on the amount of losses incurred at the prevailing legal rate against each Defendant and for Plaintiff, and,
> c) Award for pre-judgment interest against each Defendant and for Plaintiff, and,
> d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 3924 against each Defendant and for Plaintiff, and,
> e) Award of actual damages pursuant to 50 U.S.C. § 4042 (SCRA) against each Defendant and for Plaintiff, and,
> f) Award of actual damages pursuant to Cal. Mil. Vet. § 409.1 (MVC) against each Defendant and for Plaintiff, and,
> g) Award of actual damages pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,
> h) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

---

[1] The Court's order required the disclosures to be exchanged no later than May 9, 2022.  ECF No. 6 at 7.

22CV306-GPC(BLM)

i) Award of costs of litigation and reasonable attorney's fees pursuant to 50 U.S.C. § 4042 (SCRA), against each Defendant and for Plaintiff, and,

j) Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Mil. Vet. § 409.1 (MVC), against each Defendant and for Plaintiff, and,

k) Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

l) Award of punitive damages pursuant to 50 U.S.C. § 4043 (SCRA), against each Defendant and for Plaintiff, and,

m) Award of injunctive relief pursuant to the Cal. Bus. and Prof. Code § 17200, to wit, (a) that Defendants must make a court-supervised effort to retrieve the tan-colored Toyota Tundra truck, and,

n) Award of restitution as may be fair and equitable pursuant to the Cal. Bus. and Prof. Code § 17200 against each Defendant and for Plaintiff, and,

o) Award to Plaintiff of such other and further relief as may be just and proper

Malachowski Decl. at Exh. B.

On May 16, 2022, the Court held an Early Neutral Evaluation Conference and Case Management Conference.  ECF No. 9.  On May 17, 2022, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings.  ECF No. 10. The Court set a November 18, 2022 deadline for the close of fact discovery.  Id. at 2.

Defendants' current counsel substituted into this matter on August 10, 2022.  ECF No. 15-18.  On August 16, 2022, defense counsel propounded written discovery on Plaintiff including requests for production of documents[2], interrogatories,[3] and requests for admissions. Malachowski Decl. at ¶ 5.  After multiple extensions, Plaintiff responded to the written discovery on October 7, 2022.[4]  Id. at ¶ 5, Exhs. C and D.

---

[2] The relevant requests for production of documents are: "REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1: ALL DOCUMENTS identified in YOUR Rule 26 initial disclosures in this matter [and] REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2: ALL DOCUMENTS identified in YOUR responses to GUARDIAN 24 TOWING's interrogatories, set one, propounded to YOU in this matter."  Malachowski Decl. at Exh. D.

[3] The relevant interrogatories are: Interrogatory No. 1 "State all facts supporting all claims for relief as alleged in the operative compliant in this matter."  Interrogatory No. 2. "IDENTIFY all PERSONS have knowledge of facts supporting all claims for relief as alleged in the operative compliant in this matter."  Interrogatory No. 3 "IDENTIFY all DOCUMENTS that support the existence of facts supporting all claims for relief as alleged in the operative compliant in this matter."  Malachowski Decl. at Exh. C.

[4] After listing numerous objections, Plaintiff responded to Interrogatory No. 1 by stating "This

22CV306-GPC(BLM)

1    On September 29, 2022, Defendants served a subpoena on the Department of the Navy

2 "seeking certain documents relative to plaintiff's compliance or non-compliance with base

3 procedures relative to storage of personal vehicles." Id. at ¶ 6.  Defendants did not receive a

4 response from the Department of the Navy prior to Plaintiff's November 17, 2022 deposition or

5 the November 18, 2022 fact discovery cut off.  Id. at ¶ 7.

6    On November 17, 2022, Defendants deposed Plaintiff.  Id. at ¶¶ 7-8.  Plaintiff testified

7 about his psychiatric, psychological, and emotional injuries and illnesses and the treatment he

8 received.  Malachowski Decl. at Exh. E.  On November 18, 2022, defense counsel, Mr. Mitchell

9 Malachowski, emailed Plaintiff's counsel, Ms. Lauren Veggian,  regarding Plaintiff's deposition

10 testimony and seeking a statement as to whether Plaintiff is making a claim for damages for

11 medical conditions and treatment.  Id. at ¶ ¶ 9-10.  Mr. Malachowski did not receive a response

12 and on December 1, 2022, Mr. Malachowski called Ms. Veggian and left a voicemail requesting

13 a call back.  Id. at ¶ 11.  Mr. Malachowski also emailed Ms. Veggian that same day with a

14 proposed time for a telephonic meet and confer.  Id. at ¶ 11, Exh. H.  On December 2, 2022,

15 Ms. Veggian responded to the email and provided 199 pages of Plaintiff's medical records, but

16 did not clarify whether Plaintiff was seeking to recover monetary damages for his psychiatric

17 injuries and treatment and did not provide supplemental Rule 26(a)(1)(A) disclosures.  Id. at ¶

18 12, Exh. H.  That same day, Mr. Malachowski responded via letter requesting an answer as to

19 whether Plaintiff was seeking to recover for the psychiatric injuries and treatment and providing

20 availability for a meet and confer.  Id. at ¶ 14, Exh. G.  Ms. Veggian did not respond, and Mr.

21

22 information can be found in the Complaint in the facts section," Interrogatory No. 2 with "This
information was provided in Plaintiff's Rule 26 initial disclosures, served on May

23 13, 2022. Plaintiff will update these disclosures to remove Christopher Matthew Hankins from
the list (no longer in contact with Plaintiff), and add Aaron Myers and Bailey Yoder, both of who

24 will testify as to the loss, stress, anxiety, embarrassment, humiliation, and frustration this
situation caused Plaintiff. These additional witnesses can be contacted through Plaintiff's

25 counsel," and Interrogatory No. 3 with "Please see documents produced in response to these

26 discovery requests."  Malachowski Decl. at Exh. C.  Plaintiff responded to Request for Production
of Documents Nos. 1-2 with a list of objections and a statement that "Plaintiff will produce non-

27 privileged, non-privacy right protected documents in his possession, custody, or control that are
within the scope of the issues in this case."  Malachowski Decl. at Exh. D.

28

1  Malachowski called her on December 7, 2022 and left a voicemail requesting a call back and

2  followed with an email proposing availability for a meet and confer.  Id. at ¶ 15, Exh. I.  Plaintiff's

3  counsel, Mr. Mike Cordoza, responded to the email and said they would get back to Mr.

4  Malachowski "ASAP."  Id. at ¶ 16.  On December 12, 2022, Ms. Veggian emailed Mr. Malachowski

5  promising to review Plaintiff's discovery responses to determine if anything needed updating.

6  Id. at ¶ 17, Exh. I.   Mr. Malachowski immediately called Ms. Veggian and left a voicemail

7  requesting a call back.  Id. at ¶ 18.  The call went unreturned, and Mr. Malachowski emailed Ms.

8  Veggian who emailed back confirming that Plaintiff is seeking to recover damages for his

9  psychiatric injuries.  Id. at ¶ 20, Exh. I.  Mr. Malachowski followed up by asking if Ms. Veggian

10  would stipulate to amending the scheduling order to permit discovery into the new claims.  Id.

11  Ms. Veggian declined because the damage claims were not new and were stated in the

12  complaint.  Id.

13      On December 15, 2022, Mr. Malachowski and Ms. Veggian, jointly contacted the Court

14  regarding the issues described above.  ECF No. 21.  In regard to the dispute, the Court issued

15  a briefing schedule.  Id.  The parties timely filed the motion, opposition, and reply.  See Mot.,

16  Oppo., and Reply.

17                                      **LEGAL STANDARD**

18      Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only

19  "for good cause and with the judge's consent."  Federal Rule of Civil Procedure ("Fed. R. Civ.

20  P.") 16(b)(4).  The Rule 16 good cause standard focuses on the "reasonable diligence" of the

21  moving party.  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v.

22  Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order

23  may be modified for "good cause" based primarily on diligence of moving party).  Essentially,

24  "the focus of the inquiry is upon the moving party's reasons for seeking modification."  Johnson

25  v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may

26  consider the "existence or degree of prejudice to the party opposing the modification . . . ."  Id.

27                                      **DEFENDANTS' POSITION**

28      Defendants seek an order from the Court continuing the remaining pretrial deadlines

22CV306-GPC(BLM)

1  pursuant to Fed. R. Civ. P. 16(b)(4) or, in the alternative, "excluding evidence of damages

2  plaintiff disclosed for the first time on the day before the discovery cutoff" pursuant to Fed. R.

3  Civ. P. 37(c)(1).  ECF No. 22 at 2.  Defendants argue that Plaintiff failed to satisfy his duty to

4  supplement his Rule 26 disclosures when he "did not disclose his now-claimed serious psychiatric

5  injury until the middle of his own deposition, long after plaintiff provided Rule 26 initial

6  disclosures and discovery responses that made no mention whatsoever of these claimed

7  damages." Mot. at 12.  Plaintiff also failed to supplement his responses to interrogatories 1-3,

8  and requests for production numbers 1-2. Id. at 13.

9  Defendants also argue that amending the scheduling order is necessary to avoid unfair

10  prejudice to Defendants.  Id. at 14.  Because Plaintiff waited until the day before the fact

11  discovery cut off to disclose serious psychiatric injury, Defendants were unable to conduct

12  discovery into the claims and prepare for trial.  Id.  Alternatively, Plaintiff should be barred from

13  using evidence of his psychiatric damages at trial as "[t]here is no excuse or justification for

14  plaintiff to fail to disclose these psychiatric injuries." Id. at 15-16.

15  Defendants next argue that the fact that Plaintiff pled a cause of action for intentional

16  infliction of emotional distress ("IIED") does not eliminate Plaintiff's obligation to disclose his

17  medical treatment as an IIED claim and does not equate to a claim for recovery for psychiatric

18  injury. Id. at 17.  Defendants note that they were "entitled to rely on plaintiff's Rule 26 initial

19  disclosures to be substantially complete" and that Rule 26 and Defendants' discovery requests

20  to Plaintiff required Plaintiff to provide the information regarding his psychiatric injuries and

21  treatment. Id.

22  Finally, Defendants argue that Plaintiff's counsel "ignored or refused multiple attempts to

23  hold a telephonic meet and confer prior to needing to involve the Court" and that "[g]iven these

24  circumstances—defendants' counsel's diligent and repeated efforts to hold a telephonic meet

25  and confer that went entirely disregarded— defendants respectfully submit they met their

26  obligation to hold a telephonic meet and confer prior to seeking the Court's involvement." Id.

27  at 19-20.

28  ///

22CV306-GPC(BLM)

**PLAINTIFF'S POSITION**

Initially, Plaintiff contends that the motion should be denied because Defendants failed to telephonically meet and confer in violation of Judge Major's Chambers Rules. Oppo. at 11. Plaintiff also states that the motion should be denied because Defendants failed to address excusable neglect in their motion as required by Judge Major's Chambers Rules. Id. at 11-12.

Plaintiff next contends that Defendants have not demonstrated good cause to amend the scheduling order because it has been clear throughout this case that Plaintiff suffered severe emotional distress that was part of his actual damages. Id. at 12. Plaintiff identified the emotional distress damages in the complaint and his initial disclosures and provided Defendants with medical records. Id. at 12-13. Defendants chose not to pursue discovery regarding Plaintiff's emotional damages and should not be able to now amend the discovery cut off to do so. Id. Because Defendants were aware of Plaintiff's damage claims related to emotional distress, were not diligent in seeking discovery on that issue, and scheduled Plaintiff's deposition for the end of the discovery period, they cannot now claim to be unfairly prejudiced. Id. at 14. Plaintiff notes that the SCRA and MVC, have an emotional distress component and neither require medical treatment or records to prove emotional distress or negligence meaning Plaintiff can testify to his emotional damages and have that testimony corroborated by percipient witness testimony. Id. at 13.

Plaintiff also contends that Defendants' request to exclude evidence from trial is premature and more appropriately the subject of a motion in *limine*. Id. at 14. Defendants have not demonstrated good cause to exclude evidence from trial and appear to be confused by Plaintiff's request for damages for severe emotional distress as opposed to damages for psychiatric injury or medical care. Id. Plaintiff provided Defendants with records to show that he experienced emotional distress, but the records were not required to recover for emotional distress damages. Id. at 15.

Finally, Plaintiff contends that there were no meet and confer efforts regarding a motion to amend the scheduling order and that any meet and confer efforts regarding the supplementation of discovery are premature because discovery is closed. Id. at 16-17. Plaintiff

22CV306-GPC(BLM)

1  notes that if the instant motion is granted, the parties can meet and confer about supplementing

2  the discovery responses at that time but that the previous meet and confer attempts will be

3  irrelevant as the relief Defendants seek is additional time to conduct discovery, not to compel

4  deficient responses.  Id.

5                                          **DEFENDANTS' REPLY**

6          Defendants reply that this Court should find that Plaintiff made a binding judicial

7  admission in his opposition when he disclaimed any psychiatric injury or medical expense

8  damages.  Reply at 5.  Defendants further reply that if the Court declines to deem Plaintiff's

9  statement to be a binding judicial admission, it should reopen discovery.  Id.

10                                             **DISCUSSION**

11         1.      Meet and Confer Requirements and Excusable Neglect

12         Plaintiff argues that the motion should be denied because Defendants failed to

13  telephonically meet and confer regarding a motion to amend the scheduling order and because

14  Defendants failed to address excusable neglect in their motion as required by Judge Major's

15  Chambers Rules.  Oppo. at 11-12, 15-16.  Section III(B) of Judge Major's Chambers Rules states

16

17         [b]efore requesting an extension of any date or deadline, the attorneys must
           "meet and confer" and the request should then be made by filing a joint motion.
18         The joint motion must establish good cause for the request and shall include a
           declaration from counsel of record detailing the steps taken to comply with the
19         date(s) or deadline(s), the specific reason why the identified deadline cannot
           be met, and whether any prior extensions or modifications to the Scheduling
20         Order have been requested or approved. A party seeking a modification may
           move ex parte if the other parties will not join in a motion to amend the
21         schedule. In an ex parte motion, the declaration must address the steps counsel
           took to meet and confer with opposing counsel to obtain authorization to file a
22         joint motion, as well as the subjects required for the joint motion. When the
           motion is made after the deadline has passed or time has expired, Fed. R. Civ.
23         P. 6(b)(1)(B) requires the parties to address excusable neglect.[5]

24

25

26  While it may be true that Defendants initially only raised the issue of amending the scheduling

27  ─────────────────────

28  [5] See https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

1   order in the December 12, 2022 email, the Court will not deny the motion on this ground.

2   Malachowski Decl. at ¶ 20; Oppo. at 16.  After raising the issue via email, the parties had a

3   dispute conference call with Judge Major's law clerk on December 15, 2022.  Defendants' desire

4   to amend the scheduling order and Plaintiff's resistance to the idea was raised during this call

5   and the Court later issued a briefing schedule specifically to address the issue.  Because

6   Defendants were instructed to file a motion addressing the issue raised during the call, the Court

7   will not deny the motion for failure to meet and confer.  The Court also declines to deny the

8   motion on the grounds that Defendants did not adequately address excusable neglect.  The

9   facts in Defendants' motion and timing provided by defense counsel justify the timing of the

10   motion.

11          2.     <u>There is No Good Cause to Amend the Scheduling Order</u>

12        The Court finds that good cause does not exist to amend the scheduling order.  While it

13   is true that defense counsel was diligent in conducting discovery six days after he entered into

14   the case, none of the discovery specifically pertained to Plaintiff's emotional distress claims or

15   damages.  Malachowski Decl. at Exhs. B, C, and D.  Instead, the discovery requests highlighted

16   by Defendants are general requests seeking information on all claims.  <u>Id.</u> at Exhs. C and D.

17   Other requests focused on the truck, Plaintiff's compliance with parking policies, his power of

18   attorney, and punitive damages.  <u>Id.</u>  Accordingly, Defendants were not diligent in their effort

19   to obtain information about Plaintiff's emotional distress and damages.

20        Defendants argue that prior to his deposition, Plaintiff did not identify his claimed

21   emotional damages and psychiatric injury, leaving them unable to adequately prepare.  This is

22   untrue for several reasons.  First, in his complaint, Plaintiff clearly states that he seeks actual

23   damages for severe emotional distress that included feelings of humiliation, embarrassment,

24   fear, and anxiety.  ECF No. 1 at 7.  That alone is sufficient to put the damages at issue and

25   trigger inquiry into Plaintiff's emotional distress.  Second, apart from Plaintiff himself, the witness

26   portion of Plaintiff's initial disclosures identifies coworkers, supervisors, and family members

27   whose anticipated testimony concerned "the loss, stress, anxiety, embarrassment, humiliation

28   and frustration this situation has caused Plaintiff."  Malachowski Decl. at Exh. B.  Another clear

1   indication that Plaintiff's emotional health and damages are at issue in this matter.  Finally,

2   Plaintiff's responses to Defendants' discovery requests refer Defendants to the complaint and

3   the initial disclosures which, as stated, raise the issue of Plaintiff's emotional distress.  After

4   reviewing the complaint, initial disclosures, and responses to their own discovery, Defendants'

5   decision to not engage in further discovery on Plaintiff's emotional distress and potential

6   emotional distress related damages, does not constitute diligence and does not provide good

7   cause for the requested extension or exclusion.

8         With regard to Plaintiff's psychiatric injuries, the record is less clear.  Plaintiff's complaint

9   and initial disclosures do not identify psychiatric illness or damages.  ECF No. 1; Malachowski

10  Decl. at Exh. B.  Moreover, Plaintiff states in his opposition to the instant motion that he "is not

11  seeking compensation for a psychiatric injury or medical care.  He is seeking damages for severe

12  emotional distress."  Oppo. at 5; see also Oppo. at 13 ("Plaintiff is not claiming medical expense

13  damages. He is claiming severe emotional distress, which is not a computable amount – it's an

14  amount to be determined by a fact finder.");  Malachowski Decl. at Exh. E (Plaintiff testified

15  during his deposition that he was not charged for his psychiatric treatment);  Malachowski Decl.

16  at Exh. I ("Yes, we'll be seeking actual damages in the form of emotional distress for the

17  emotional damage caused to my client by the sale of his truck (which was priceless to him, of

18  extreme sentimental value) without a court order"); and ECF No. 23-1, Declaration of Lauren B.

19  Veggian ("Veggian Decl.") at ¶ 15 ("I believed that the response to the first letter was clear, and

20  that it was fully responded to, and that it was understood that Plaintiff was seeking severe

21  emotional distress damages, and not psychiatric injury damages").   However, Plaintiff's

22  deposition testimony included a variety of psychiatric, psychological, and emotional injuries and

23  illnesses and potential damages.  Malachowski Decl. at Exh. E.  Because Defendants did not

24  conduct discovery into the scope and extent of Plaintiff's severe emotional distress and the scope

25  and extent of Plaintiff's identified statutory damages, it is unclear which, if any, of Plaintiff's

26  psychiatric or psychological illnesses and damages are included in his damage claims.  This

27  confusion is exacerbated by Plaintiff's counsel's email responses to defense counsel's inquiries

28  regarding the extent and scope of Plaintiff's damages claims.  Malachowski Decl. at Exh. I at 88-

90 (Malachowski: "The big issue is you have not yet stated affirmatively whether or not plaintiff is seeking recovery for the psychiatric injuries he revealed for the first time at his deposition, and if so the implications for this matter." Veggian: "Yes, we'll be seeking actual damages in the form of emotional distress for the emotional damage caused to my client by the sale of his truck (which was priceless to him, of extreme sentimental value) without a court order. My client testified to those damages in his deposition, and we've provided the medical records he has confirming his diagnoses") and 88 (Veggian "The damages claims for emotional distress were listed in the Complaint - these are not new.  Intentional infliction of emotional distress is plead as a claim in the Complaint . . . . Your client has been on notice of the emotional distress claims since the filing and service of the Complaint.")  What is clear, however, is that Defendants had notice that Plaintiff was seeking severe emotional distress damages and damages under a variety of statutes and Defendants were not diligent in seeking discovery regarding those emotional distress damages.  Accordingly, the Court **DENIES** Defendants' Motion to Extend Scheduling Order.

       3.     <u>Exclusion of Evidence at Trial</u>

       Defendants' alternative request for the exclusion of evidence at trial is **DENIED AS PREMATURE AND WITHOUT PREJUDICE**.  Plaintiff is correct that this is not the appropriate time or manner for raising the issue of excluding evidence at trial.  Moreover, it is not clear exactly what evidence Defendants are seeking to exclude given the discussion above regarding the scope and extent of Plaintiff's damages claims.

       For the same reasons, the Court declines to make a finding that Plaintiff made a binding judicial admission in his opposition regarding his psychiatric injury or medical expense damages.  Accordingly, this request is **DENIED WITHOUT PREJUDICE**.

       **IT IS SO ORDERED**.

Dated:  1/26/2023

Hon. Barbara L. Major
United States Magistrate Judge

22CV306-GPC(BLM)